# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, <br><br> v. <br><br><br> DOWNHOLE TECHNOLOGY, LLC, DEFENDANT. | CIVIL ACTION NO. 17-574 <br><br> JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Kenneth Echols ("Mr. Echols"), who was adversely affected by those practices. As alleged with greater particularity in paragraphs 12 through 16 below, Defendant Downhole Technology, LLC ("Downhole Technology") violated Title VII by failing to take prompt remedial action when its employees harassed Mr. Echols on the basis of his race, Black, and by disciplining and then terminating Mr. Echols for reporting and opposing the conduct.

### JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345, and venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2).

1

2.     Downhole Technology committed each of the unlawful employment practices within the territorial jurisdiction of the Houston Division of this Court.

PARTIES

3.     The EEOC is the agency of the United States of America that is charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action under 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Downhole Technology has been a limited liability company organized under Texas law, has been operating in Houston, Texas, and has had at least 15 employees. Downhole Technology may be served with process through its registered agent Mike Scott, at 1900 St. James Place, Suite 125, Houston, Texas, 77056.

5.     At all relevant times, Downhole Technology, a manufacturer of equipment used in hydraulic fracturing (or "fracking"), has been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b), (g), and (h).

STATEMENT OF CLAIMS

6.     More than 30 days prior to the institution of this action, Mr. Echols filed a Charge of Discrimination (the "Charge") with the EEOC alleging that Downhole Technology violated Title VII.

7.     On June 8, 2016, the EEOC issued a Letter of Determination finding reasonable cause to believe that Downhole Technology had violated Title VII and providing Downhole Technology with the opportunity to engage in informal methods of conciliation to resolve the unlawful employment practices through an agreement.

8.     Thereafter, the EEOC twice engaged in such informal methods with Downhole Technology in an effort to reach an agreement.

9. Despite these efforts, the EEOC and Downhole Technology were unable to reach an agreement acceptable to the EEOC.

10. On September 28, 2016, and February 1, 2017, the EEOC issued Notices of Failure of Conciliation.

11. All conditions precedent to the initiation of this action have been fulfilled.

12. Since at least April 15, 2015, Downhole Technology has engaged in unlawful employment practices that violate Title VII, specifically 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a).

13. Downhole Technology hired Mr. Echols in late 2014.

14. On April 15, 2015, other Downhole Technology employees harassed Mr. Echols on the basis of his race, Black, by donning a white hood that resembled Ku Klux Klan ("KKK") regalia and by making comments about it. After Mr. Echols reported the incident to a supervisor and the human resources director, the same employees then harassed Mr. Echols by physically and verbally threatening him. Mr. Echols reported these incidents, as well, to the human resources director. He also provided written and oral statements describing the incidents. Downhole Technology never reprimanded the employees.

15. On April 21, 2015, the human resources director asked Mr. Echols to execute an agreement dated April 21, 2015, stating that the employees had not harassed him on the basis of his race and further "confirm[ing] that [Downhole Technology] ha[d] adequately addressed [his] concerns . . . " about the conduct. Mr. Echols refused to execute the agreement.

16. On April 22, 2015, the human resources director provided Mr. Echols with a write-up dated April 22, 2015, reprimanding him for failing to provide any statement explaining the incidents or explaining his refusal to execute the agreement dated April 21, 2015. Downhole

Technology also reprimanded him for properly requesting and obtaining permission to take sick leave on April 22, 2015. When Mr. Echols refused to execute an acknowledgment that he had received and understood the write-up, Downhole Technology fired Mr. Echols. He had no prior write-ups.

17. The unlawful employment practices described in paragraphs 12 through 16 above were, and continue to be, committed intentionally.

18. The unlawful employment practices described in paragraphs 12 through 16 above were, and continue to be, committed with malice and/or reckless indifference to Mr. Echols's rights under Title VII.

19. The unlawful employment practices described in paragraphs 12 through 16 caused, and continue to cause, Mr. Echols to suffer both pecuniary and non-pecuniary injuries.

### PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Enjoin Downhole Technology, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in unlawful employment practices, including (1) discriminating against employees on the basis of race, (2) harassing employees on the basis of race, and (3) retaliating against employees who oppose racial discrimination;

B. Order Downhole Technology to develop, institute, and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of its past and present unlawful employment practices, including but not limited to (1) the annual training of all directors, supervisors, and employees concerning racial discrimination, emphasizing the history of the KKK, (2) the development of effective policies to prevent harassment and retaliation; (3) the development of a more robust procedure for reporting

discrimination, such through as a toll-free telephone number and notification to the EEOC; and (4) providing notice to the employees who harassed Mr. Echols that they will be disciplined if they engage in such conduct again;

  C. Order Downhole Technology to pay in amounts to be determined at trial any punitive damages resulting from its unlawful employment practices;

  D. Order Downhole Technology to pay to Mr. Echols in amounts to be determined at trial any specific compensatory damages resulting from its unlawful employment practices, including but not limited to back pay, with prejudgment interest, and front pay;

  E. Order Downhole Technology to pay to Mr. Echols in amounts to be determined at trial any specific pecuniary compensatory damages resulting from its unlawful employment practices, including but not limited to (1) medical expenses, (2) loan or default penalties, (3) relocation expenses, and/or (4) job search expenses;

  F. Order Downhole Technology to pay Mr. Echols in amounts to be determined at trial any non-pecuniary compensatory damages resulting from its unlawful employment practices, including but not limited to those for (1) emotional pain, (2) suffering, (3) inconvenience, (4) loss of enjoyment of life, and (5) humiliation;

  G. Order and/or grant any further relief—legal or equitable—that the Court deems necessary and proper in the public interest; and

  H. Award the EEOC its costs in this action.

JURY TRIAL DEMAND

  The EEOC hereby requests a jury trial on questions of fact raised herein.

            Respectfully submitted,

            **JAMES L. LEE**
            Deputy General Counsel
            EEOC

No Bar No. Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
EEOC
No Bar No. Assigned

**RUDY L. SUSTAITA**
Regional Attorney
EEOC
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Phone: (713) 651-4970
Fax: (713) 651-4995
Email: rudy.sustaita@eeoc.gov
Texas Bar No. 19523560

/s/ Andrew B. Kingsley
**ANDREW B. KINGSLEY** (*Pro hoc vice*)
Trial Attorney
EEOC
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar Roll Number 35865


**COUNSEL FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR
SERVICE OF PROCESS:**

Mike Scott
1900 St. James Place, Suite 125
Houston, TX, 77056