United States District Court
Southern District of Texas

**ENTERED**

April 26, 2017

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. 4:17-CV-00574 |
| V. | § § | **CONSENT DECREE** |
| DOWNHOLE TECHNOLOGY, LLC, | § § | |
| DEFENDANT. | § | |

## INTRODUCTION

On February 22, 2017, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against Defendant Downhole Technology, LLC ("Downhole Technology"), following its determination finding reasonable cause to believe that that the allegations in EEOC Charge No. 460-2015-02550 ("Charge") set forth a valid claim of discrimination. In this action, the EEOC alleged that Downhole Technology discriminated against Kenneth Echols ("Echols") because of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

Neither this Consent Decree nor the payment to Mr. Echols under this Decree may be construed as an admission of liability by Downhole Technology. In the interest of avoiding the costs and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345, and venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2). The parties agree that this Court has personal jurisdiction over them.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure and Title VII.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

### DURATION

1.      The duration of this Consent Decree is two years commencing on the entry of the Decree.

### GENERAL

2.      This Decree resolves all issues raised in the Charge referenced above and the EEOC's related Letter of Determination ("Determination"), and it resolves all issues in the Original Complaint filed by the EEOC in this civil action. The EEOC waives any further claims and/or litigation on all issues raised in the above-referenced Charge, Determination and Complaint.  This Decree in no way affects the EEOC's right to process and/or litigate charges against Downhole Technology other than the above-referenced Charge,

3.      The EEOC and Downhole Technology must bear their own attorney's fees and costs incurred in connection with this action.

{00179024.DOCX}2

4.     This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree.

5.     **Completeness.** This Consent Decree constitutes the complete understanding between the EEOC and Downhole Technology with regard to the matters discussed herein.

6.     **Severability**. If one or more provisions of this Consent Decree are rendered unlawful or unenforceable, the parties must attempt to meet and confer in good faith to agree on if and how such a provision must be amended to effectuate its purposes of the Decree. In any event, the unaffected provisions of the Decree will remain enforceable.

7.     **Modifications.** The EEOC and Downhole Technology agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. The Court may only amend this Decree if the parties have consented in writing or if it is in the interest of fairness and justice to achieve the objectives of the Decree. A party seeking to amend the Decree must attempt to meet and confer with the other in good faith before making a request that the Court amend the Decree.

8.     **Definitions.**

A.     "Downhole Technology" means and refers to Defendant Downhole Technology, LLC and its predecessors, successors and assigns, and agents.

B.     "Commission" or "EEOC" means the U.S. Equal Employment Opportunity Commission, an agency of the United States.

C.     "Mr. Echols" means Kenneth Echols.

D.     "Days" means all calendar, not business, days.

{00179024 DOCX}3

E.     "Effective date" means the date on which this Decree is entered.

F.     "Court" refers to the Houston Division of the United States District Court for the Southern District of Texas.

G.     "Consent Decree" and "Decree" are used interchangeably.

H.     "Liaison" means the representative appointed by Downhole Technology to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of its obligations under the Decree.

GEOGRAPHIC SCOPE

9.     This Decree applies to Downhole Technology's facilities in the Houston, Texas area.

PROHIBITED DISCRIMINATION AND RETALIATION

10.     During the operation of this Consent Decree, Downhole Technology must comply with Title VII and is hereby enjoined from unlawfully discriminating against its employees on the basis of race under Title VII.

11.     During the operation of this Consent Decree, Downhole Technology is further enjoined from unlawfully retaliating against its employees under Title VII. In particular, it is enjoined from unlawfully retaliating against any employee for: (A) filing this or any other charge of discrimination with the EEOC; (B) participating in or assisting with this or any other investigation by the EEOC; or (C) seeking or receiving relief or damages as a result of this or any other action by the EEOC.

## MONETARY RELIEF

12.     Within thirty days of the later of the entry of this Consent Decree or the delivery to Downhole Technology of a release of claims executed by Mr. Echols, Downhole Technology agrees to pay Mr. Echols and his counsel, by check, the total gross sum of $120,000.00 (of which $5,000 shall be subject to lawful withholdings). Notwithstanding anything to the contrary in this Paragraph, a mandatory condition precedent to Downhole Technology's duty to make this payment shall be the delivery of an executed release from Mr. Echols to Downhole Technology (or its counsel).  Such a release of claims, however, may not prevent Mr. Echols from engaging in activity protected by Title VII or the regulations promulgated by the EEOC. Downhole Technology further agrees to, on the same day, submit a copy of the check to the EEOC in the manner specified for notice under this Decree.

## NON-MONETARY RELIEF

13.     Downhole  Technology  must  provide  Mr.  Echols  with  a  job recommendation by a senior level manager or officer of Downhole Technology, a copy of which is attached herein as Exhibit A.

14.     When called by potential employers of Mr. Echols for a job reference, Downhole Technology must not discuss, mention, or allude to the charge of discrimination Mr. Echols filed with the EEOC, the allegations contained therein, the investigation by the EEOC of that charge, or this action.

15.     Downhole Technology must exclude from Mr. Echols' personnel file, segregate, and keep confidential all documents, records, and information, whether

electronic or otherwise, regarding his charge of discrimination filed with the EEOC, the allegations contained therein, the investigation by the EEOC of that charge, all disciplinary actions on or after April 15, 2015, and this action. Downhole Technology must alter his personnel file to indicate Mr. Echols resigned, not that he was terminated.

LIAISON

16.     Downhole Technology must designate a Liaison within ten days of the entry of this Decree. The Liaison must be an officer or high-level management official of Downhole Technology who possesses the knowledge, capability, and resources to monitor Downhole Technology's compliance with the terms and conditions of the Consent Decree. Downhole Technology must assign to the Liaison the responsibility of ensuring it complies with the Decree. The Liaison must have the authority to act on behalf of Downhole Technology with regard to the Consent Decree. Any act or failure to act by the Liaison will be attributable to Downhole Technology. The Liaison must report to and be supervised by the president—or equivalent—of Downhole Technology. Downhole Technology must appoint a replacement Liaison within ten days of the removal, resignation, or incapacitation of that—or any subsequent—Liaison.

17.     Upon appointing an initial or replacement Liaison, Downhole Technology must provide notice to the EEOC within ten days identifying the newly appointed Liaison's name, mailing address, e-mail address, telephone number, job title, work experience, education and training.

18.     During the operation of this Consent Decree, Downhole Technology shall, through its Liaison, provide a General Report annually. The General Report must

describe how Downhole Technology has complied with the Decree and contain supporting documentation. If Downhole Technology has failed to comply with the terms and conditions of the Decree, it must explain why it has not complied and provide a plan for remedying its failure to comply. But, by explaining why it has not complied, Downhole Technology does not prevent the EEOC from moving to enforce the Decree for its failure to comply.  The first General Report, for the calendar year 2017, is due 120 days from the entry of the Decree. The second Report for the calendar year 2018, is due not later than ninety days before the expiration of the Decree.

## DISCRIMINATION PREVENTION MEASURES

19.   **Liaison Training.** In addition to other specified training obligations set forth in this Decree, Downhole Technology must provide each Liaison with at least one hour of training, which shall cover the terms and conditions of this Decree and on how to ensure that Downhole Technology complies with those terms and conditions, and on how to prepare and submit each of the reports required under this Decree. Downhole Technology, through its Liaison, must submit to the EEOC the identity of the trainer and the outline and materials for the training at least thirty days after the Liaison is appointed. It must do so pursuant to procedures for providing notice under this Decree. The EEOC then has fifteen days to reject the trainer or the outline and materials. If the EEOC rejects the trainer or the outlines and materials, Downhole Technology, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within fifteen days, pursuant to procedures for providing notice under this Decree.  Liaison training must take place no later than thirty days following (a) the expiration of the period

by which the EEOC must reject the trainer, outline or materials; or (b) the EEOC's approval of the proposed trainer, outline and materials, whichever occurs first.

Within fifteen days following the completed Liaison training, Downhole Technology, through its Liaison, must submit a Liaison Training Report to the EEOC, describing the training and containing supporting documentation. The Liaison Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of any Liaison who attended each training. The Liaison Training Report must further contain an executed declaration by the Liaison that the Liaison attended the training. Any Liaison Training Report must likewise include a declaration by Downhole Technology, through its Liaison, attesting to its accuracy.

20.    **Employee Training.** Downhole Technology, through its Liaison, must provide each of its employees, including supervisors, at least once per year while this Consent Decree is in effect, at least one hour training regarding equal opportunity in the workplace, the avoidance of any unlawful discrimination, and employees' rights under Title VII. Each training session hereunder shall include the mention of organizations who have historically been known for discrimination (including the Ku Klux Klan) as well as a discussion of symbols or regalia which have historically been used by such groups (such as burning crosses, swastikas, white hoods, etc.). All such training must be in person, save any employees who perform more than 95% of their working hours outside of the Houston, Texas, metropolitan area. Further, all such training must occur

within 150 days after Downhole Technology completes its Liaison training in accordance with Paragraph 20 above.

Downhole Technology, through its Liaison, must submit to the EEOC, using the procedures for providing notice under this Decree, the identity of the trainer and the outline and materials for the training at least sixty (60) days prior to the training. The EEOC then has thirty (30) days to reject the trainer or the outline and materials.  If the EEOC rejects the trainer, outlines, or  materials within the thirty day period, Downhole Technology, through its Liaison, must submit to the EEOC the identity of a new trainer or a new outline and materials within fifteen days. The EEOC's failure to reject the trainer, materials or outline within the thirty day period shall be deemed as an acceptance of the trainer, outline, and materials.

Downhole Technology, through its Liaison, must submit an Employee Training Report to the EEOC, describing the training and containing supporting documentation, within fifteen days of each such training. The Employee Training Report must, at very least, provide the date and time of each training, the duration of each training, the identity of the trainer for each training, and the identity of the employees who attended each training. The Employee Training Report must further contain an executed declaration by each employee that they attended the training (such a declaration may be in the form of a sign-in registry). The Employee Training Report must likewise include a declaration by Downhole Technology, through its Liaison, attesting to its accuracy.

## ANTI-DISCRIMINATION POLICY

21.     Within ninety days from the entry of this Decree, and to the extent it does not otherwise have such a policy, Downhole Technology must adopt an anti-discrimination policy that, at a minimum, meets the following criteria: (A) Prohibits discrimination against any employee on the basis of race in violation of Title VII; (B) Prohibits any act, policy, or practice that has the effect of discriminating against any employee on the basis of race in violation of Title VII; (C) Prohibits any act, policy, or practice—including verbal or physical abuse—that has the effect of creating, facilitating, or permitting the existence of an environment that is hostile to any employee of a particular race in violation of Title VII; (D) Defines and provides examples of discrimination on the basis of race, for instance providing an example in which an employee invokes the regalia or symbols of a group who practices discrimination on the basis of race; (E) Provides a simple, convenient, confidential, and reliable mechanism for reporting discrimination on the basis of race; (F) Requires the prompt investigation of reports of discrimination on the basis of race and, following such an investigation in which a violation of the policy has been substantiated, requires the prompt, effective, and adequate remedy for the substantiated violation of policy, (G) identifies an administrator of the policy; (H) Requires all officers, managers, and supervisors to monitor and enforce compliance with the policy and encourages all employees to report discrimination on the basis of race pursuant to that policy; (I) Provides that all reports of discrimination, investigations into such reports, and discipline arising from such investigations must be documented and maintained by Downhole Technology's human resources unit; (J)

Provides that, following an investigation into discrimination on the basis of race, the results of that investigation and any remedy will be communicated in writing to the reporting employee within five days; (K) Establishes that a violation of the policy will result in substantial discipline—up to and including discharge—for employees who, upon investigation, are determined to have violated the policy or to have retaliated against an employee who has made a complaint under the policy or assisted in an investigation thereunder; (L) Requires that all discipline under the policy be included, with the report itself, in the personnel file of the employee found to have violated the policy; (M) Provides immediate notice in writing to any employee who reports discrimination and any employee reported to be the victim of discrimination of the victim's right to file a charge of discrimination with the EEOC and   provides such an employee with the telephone number, address, e-mail address, and website address of the EEOC; and (N) Lists the toll-free telephone by which employees may report discrimination and provide protocols for processing reports made through that number.

During the operation of this Decree, the General Report to the EEOC must describe the implementation of (and, if necessary, any subsequent alteration of) its anti-discrimination policy and must contain supporting documentation, including the anti-discrimination policy itself. Further, during the operation of this Decree, the General Report to the EEOC must describe any report or investigation made under the anti-discrimination policy, any violation found as a result of such a report or investigation, and any discipline taken and must likewise provide supporting documentation.

22.     Downhole Technology must maintain a toll-free telephone number by which employees may report any alleged discrimination in employment. The protocols for processing reports made through this number must be stated within the anti-discrimination policy. At very least, those protocols must: (A) Provide that reports made through the number may be anonymous and, as such, Downhole Technology will not require employees to identify themselves (but Downhole Technology may, to assist in its mandatory investigation, inquire into the location of, circumstances surrounding, and those whom the caller believes to have committed and/or been harmed by, the alleged act(s) of discrimination; (B) assure that an employee who makes a report will, under no circumstances, be unlawfully retaliated against; (C) Provide a system for following up on reports made through the number; and (D) Provide that reports made through the number will be processed in the same manner as any other report of discrimination under the anti-discrimination policy.

<u>RECORDKEEPING</u>

23.     During the operation of this Decree, Downhole Technology must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

24.     During the operation of this Decree, Downhole Technology must preserve and maintain all documents, information, and records, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

25.     Downhole Technology must comply with the recordkeeping and reporting requirements under federal law, including those contained in Title VII and in the regulations promulgated by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver or obviation of the recordkeeping and reporting requirements imposed by federal law.

NOTICES, REPORTS, AND INFORMATION

26.     All notices, reports, and information required under this Decree—including but not limited to the General Reports, Liaison Training Reports and Employee Training Reports—must be submitted to the EEOC, via certified United States mail, to the following address:

> Attn: Andrew Kingsley
> U.S. Equal Employment Opportunity Commission
> New Orleans Field Office
> Hale Boggs Federal Building
> 500 Poydras St., Suite 809
> New Orleans, LA 70130

Or, alternatively, via email to the following addresses:

> andrew.kingsley@eeoc.gov
> cynthia.charbonneau@eeoc.gov

Only an acknowledgment from the EEOC via regular U.S. mail or email constitutes proof of receipt of such notices, reports, or information. The EEOC may, from time to time, designate others to receive notices, reports, and information under this Decree.

## MISCELLANEOUS

27.   Downhole Technology must post the attached Notice to Employees on its premises within ten days of the entry of this Decree.  The Notice to Employees must be enlarged to at least eleven by seventeen inches, and it must be posted conspicuously where other notices to applicants and employees are customarily posted. It must remain there for at least two years from the entry of this Decree. The Liaison must ensure that this obligation is met.

**APR 2 6 2017**

Signed this _____ day of _____ , 2017 in Houston, Texas.

_____
HON. ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

## NOTICE TO EMPLOYEES

1.      Discrimination against an employee on the basis of race can violate federal law, specifically Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, *et seq*. Federal law prohibits an employer from discriminating against an employee on the basis of race, sex (gender), religion, color, and national origin and also requires that an employer maintain an environment in which other employees do not discriminate on such basis. Federal law further prohibits an employer from retaliating against an employee who, in good faith, reports that their employer discriminated on such basis, who reports that their employer allowed others to discriminate on such basis, who files a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), or who participates in the investigation or prosecution of such a charge.

2.      Downhole Technology, LLC will not tolerate discrimination on the basis of race and likewise will not tolerate retaliation against any employee for reporting such discrimination. Such discrimination can violate both federal law and Downhole Technology, LLC's anti-discrimination policy. Any employee who violates the law and policy will be subject to substantial discipline, up to and including termination.

3.      The posting of this Notice to Employees by Downhole Technology, LLC does not constitute an admission of any liability under federal law.

If you believe you or another employee have been discriminated against on the basis of your race, please contact the EEOC:

> Attn: Andrew Kingsley
> U.S. Equal Employment Opportunity Commission
> 500 Poydras Street, Suite 809

New Orleans, LA 70130
Telephone: 504-595-2879
E-mail: andrew.kingsley@eeoc.gov
Website: www.eeoc.gov

You may also report your concerns using the procedures set forth in Downhole

Technology's policy against discrimination, or by using the toll-free number, (800)

_____. This Notice to Employees must remain posted continuously by Downhole

Technology, LLC for two years from the date below. This Notice to Employees must not

be altered, defaced, removed, or covered.

This_____ day of _____ , 2017.


_____
Mr. James Duke Vanlue
CEO/Founder

EXHIBIT A

Reference Letter

April 22, 2015

To Whom it May Concern:

Kenneth Echols was employed with Downhole Technology, LLC in its quality control department from October 2014 until April 22, 2015. He satisfactorily performed his job duties and, consequently, Downhole Technology, LLC recommends him for similar positions in the future.

Regards,

Jeff Brown
Chief Financial Officer